# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JAMES SHIVERS HARPER, )
)
    Petitioner, )
)
v. ) Case No. CV409-154
)
SHELLA DUBRE, Warden, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

James Shivers Harper, a Georgia state prisoner currently incarcerated at Phillips State Prison in Buford, Georgia, has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and moves to proceed in forma pauperis. (Docs. 1 & 2.) Petitioner appears to lack sufficient resources to pay the filing fee, so his motion to proceed in forma pauperis is **GRANTED**. But, because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," his petition should be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.

Harper's filing, which attacks a never-appealed 1995 conviction, is untimely by many years. (Doc. 1 at 1.) The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). Of the four occurrences listed in § 2244(d)(1) as sufficient to start the limitations period, the only one applicable here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Georgia, "a notice of appeal shall be filed within 30 days after entry of appealable decision or judgment complained of." O.C.G.A. § 5-6-38. In other words, the time for seeking direct review expires thirty days after the entry of judgment. Accordingly, petitioner's one-year limitation period began to run on March 16, 1995, thirty days after his February 14, 1995 conviction.

Petitioner filed a state habeas action in 2008, over a decade after his conviction became final. *Harper v. Ward*, No. 08-A-10178-5 (Ga. Sup. Ct. filed Nov. 17, 2008). The Superior Court Judge dismissed the action as untimely. *Id.*; (doc. 1 at 2.) Although the filing of a state habeas action tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2), it does not reset the limitations period. *Webster v. Moore*,

199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). That is, the delay in filing the initial state habeas petition is counted in determining petitioner's compliance with AEDPA's one-year limitations period. Consequently, this petition was filed well outside of AEDPA's 365-day limitations period.[1]

For all of the reasons explained above, this § 2254 petition should be summarily **DISMISSED**.

**SO REPORTED** and **RECOMMENDED** this 7th day of October, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

---

[1] As an additional matter, it appears that Harper is no longer incarcerated under the conviction he is attacking, since he was sentenced to only four years of probation in 1995. (Doc. 1 at 1.) Assuming that his sentence has fully expired, he would no longer be "in custody" under the conviction or sentence under attack. *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that a habeas petitioner is no longer "in custody" when his sentence has fully expired). Although Harper may still suffer collateral consequences from the conviction, "collateral consequences of [a] conviction, alone, are insufficient to render the defendant 'in custody' for the purposes of habeas attack." *Birotte v. Sec'y for Dep't of Corr.*, 236 F. App'x 577, 578 (11th Cir. 2007) (quoting *Maleng*, 490 U.S. at 491-92). Accordingly, he may fall outside of § 2254's scope, which generally applies only to persons in custody pursuant to the judgment they are presently attacking.